[No. 18452.    Department One.    May 9, 1924.]

GEORGE W. WARREN, *Appellant*, v. LEBAM MILL &
TIMBER COMPANY, *Respondent*.[1]

MASTER AND SERVANT (3)—CONTRACT OF EMPLOYMENT—DURATION
—QUESTION FOR JURY. There is no inference that a contract of employment, evidently at will, commencing August 1, 1918, terminated at the end of the year, since contracts at will continue until terminated, making the question of termination, in absence of proof of an express contract for 1919, one for the jury.

CUSTOM AND USAGES (6)—GENERAL CUSTOM—EVIDENCE—ADMISSIBILITY. Upon an issue as to the employment in the lumber business with "straight time" at a fixed salary, proof of a general custom among logging and lumber companies to that effect is admissible to show the reasonableness and probability of the contract alleged.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered July 30, 1923, upon granting a nonsuit, dismissing an action on contract. Reversed.

*Fred M. Bond*, for appellant.

*Winter & Maguire* and *Herman Murray*, for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action to recover salary alleged to have been earned under an express contract of employment, and also included a cause of action seeking a like recovery upon a similar claim of one A. L. Warren, which had been assigned to him. The defendant pleaded a general denial of both claims. The case was tried to a jury, and at the close of plaintiff's case, the trial court granted a motion for a nonsuit and dismissed the action. Plaintiff appeals.

The trial court seems to have been of the opinion that there was sufficient evidence of a contract of em-

[1] Reported in 225 Pac. 628.

ployment and the rendering of services thereunder upon both causes of action to take the case to the jury; but that as the contract, if made, was entered into about August 1, 1918, and as salaries at the contract rate were admittedly paid during the remainder of that calendar year, and no evidence was offered tending to show an express contract for the calendar year 1919, or the portion thereof which these claims cover, the inference must be drawn that the contract, if made, ended with the year 1918. After a study of the record, we agree with the trial court, except as to the inference of the ending of the contract with the year 1918.

It is especially the province of a jury to draw what inferences from the testimony they reasonably may, and this is peculiarly a case in which reasonable men might differ as to what inferences should be drawn, and which of contrary inferences that might be drawn from the different facts should control. The contract, if made, might be, and probably was, a contract at will, and would continue in effect until one party or the other took steps to terminate it. We are clear that the case should have been submitted to the jury.

There remains one other question. In addition to submitting evidence tending to establish an express contract of employment with straight time at a fixed salary, appellant offered to show a general custom prevalent among logging and lumber companies of employing superintendents and general managers (which are the positions here involved) on straight time—that is, their salaries to accrue even though operations should be suspended and the plants shut down. It is true that no such custom was pleaded, and that appellant must recover upon the express contract which he alleges, if at all, but if such a custom prevails, proof of it might tend to show the reasonableness of the con-

tract alleged and make it more probable that the parties did so agree. We think, therefore, the proof of the general custom should have been admitted for the purpose indicated, but for that purpose alone.

The judgment is reversed, with directions to grant a new trial.

MAIN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.