[No. 26701.   *En Banc.*   July 21, 1937.]

THE STATE OF WASHINGTON, *on the Relation of S. F. Hansen et al., Appellants,* v. R. W. SALTER, *as County Assessor of Thurston County, Respondent.*[1]

[1]Reported in 70 P. (2d) 1056.

704

*Smith Troy, E. A. Philbrick,* and *John S. Lynch, Jr.,* for appellants.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

BLAKE, J.—This action challenges the constitutionality of chapter 228, Laws of 1937, p. 1167, an act levying an excise tax on "Private Motor Vehicles." The salient features of the act, in so far as we are here concerned, are as follows: After defining the term "private motor vehicle" in § 1, p. 1167, it is provided in § 2, p. 1167, that an excise tax shall be imposed "for the privilege of using" any private motor vehicle in the amount of "one and one half (1.5) per centum of the fair market value" of such vehicle. Section 6, p. 1169, provides that the tax imposed shall be in addition to all other licenses and taxes otherwise imposed, but declares: *"Such vehicles are hereby exempted from all ad valorem taxes for state, county or municipal purposes."* The act further provides (§ 5, p. 1169) that the county auditor shall collect the tax and remit (§ 9, p. 1170) it to the state treasurer. The latter section further provides:

"All revenue derived from the tax imposed by this act shall upon receipt thereof be credited . . . to the state school equalization fund."

Section 10, p. 1170, provides that dealers' stocks of such motor vehicles shall be listed by county assessors and assessed for *ad valorem* taxes as other personal property. Section 11, p. 1171, provides that the first tax to be exacted by the act shall be for the calendar

year 1938, and that, except as provided in § 10, no private motor vehicles shall be listed or assessed for *ad valorem* taxes "for the year 1937 or any succeeding year so long as this act remains in effect." Section 12, p. 1171, then provides for allocation of the revenues derived from the tax to counties entitled thereto for common school support, at the same time and upon the same basis as the state school equalization fund is required to be apportioned to counties under Rem. Rev. Stat., § 4936 (Laws 1933, chapter 28, § 12, p. 171). Section 12 further provides that the levy required to be made under Rem. Rev. Stat., § 4936, shall not exceed *one and one-fourth* mills on each dollar of assessed valuation.

The relators, the county commissioners of Thurston county, brought this action in mandamus to compel the county assessor to list and assess private motor vehicles, as defined in the act, for *ad valorem* taxes for the year 1937. From judgment dismissing the action, relators appeal.

Appellants attack the validity of the act on five grounds.

*First:* It is urged that the exaction is a property tax—not an excise—and therefore denies "equal protection of the laws" guaranteed by the fourteenth amendment of the constitution of the United States, and the demands of equality and uniformity in taxation under the fourteenth amendment to the state constitution. That a tax upon the use of personal property is an excise, is no longer open to question in this state. *Morrow v. Henneford,* 182 Wash. 625, 47 P. (2d) 1016; *Vancouver Oil Co. v. Henneford,* 183 Wash. 317, 49 P. (2d) 14; *Henneford v. Silas Mason Co.,* 300 U. S. 577, 57 S. Ct. 524. Being an excise, the tax is not objectionable upon the grounds suggested. Unless the exaction is inherently oppres-

sive, or the classification of the persons or objects affected is unreasonable, such a tax is valid. *State Board of Tax Commissioners v. Jackson,* 283 U. S. 527, 51 S. Ct. 540, 73 A. L. R. 1464. It is not contended that the tax is inherently oppressive.

■ *Second:* But it is contended that the classification with respect to "dealers' stocks" is discriminatory and unreasonable. If it be—which we do not decide—it is a defect of which relators may not be heard to complain. For to the extent that the act exempts "dealers' stocks" from its operation, the county, as a taxing unit, suffers no injury, as such stocks are left subject to assessment for *ad valorem* taxes by the county. Only one who is injuriously affected by an act may challenge its constitutionality. *Vance Lumber Co. v. King County,* 184 Wash. 402, 51 P. (2d) 623.

■ *Third:* We understand the relators to contend, however, that the county, as a taxing district, is injured by the exemption of private motor vehicles (except dealers' stocks) from *ad valorem* taxation. Conceding that county revenues may be diminished by the withdrawal of private motor vehicles from *ad valorem* taxation, the consequence to the county may be said to be *damnum absque injuria.* For the county has no inherent powers of taxation. Its power to tax derives wholly and solely from legislative enactment. *Great Northern R. Co. v. Stevens County,* 108 Wash. 238, 183 Pac. 65; *State ex rel. School District v. Clark County,* 177 Wash. 314, 31 P. (2d) 897; *Love v. King County,* 181 Wash. 462, 44 P. (2d) 175.

■ *Fourth:* It is suggested that exemption of "private motor vehicles" from *ad valorem* taxes of itself constitutes discrimination. But this is in no sense an exemption statute. It is simply designed to change the character of the tax, the method of levying

and collecting it, and the disposition of the revenues flowing from it. This, the legislature has plenary power to do, under the fourteenth amendment to the state constitution.

█ *Fifth:* It is further urged that, in violation of Art. II, § 37, of the state constitution, § 12 of the act attempts to amend Rem. Rev. Stat., § 4936, by reference merely. The latter section is § 5, sub-chapter 9, of the school code (chapter 97, Laws 1909, p. 322), which relates to school revenues. In substance, § 5 (Rem. Rev. Stat., § 4936) requires the county commissioners of each county to levy a tax on all taxable property in the county sufficient to produce the sum of ten dollars for each child of school age, "provided, that such tax . . . shall in no case exceed *five mills* on each dollar, at the assessed valuation." The section (Rem. Rev. Stat., § 4936) again appears as § 12, chapter 28, Laws of 1933—an act providing for school maintenance. There it appears with an amendment (with which we are not concerned), and without limiting the amount of the levy to be made. The section (Rem. Rev. Stat., § 4936) again appears in amended form as § 2, chapter 226, Laws of 1937, p. 1135, creating a fund to be known as the "State School Equalization Fund." As it appears here, the section again carries a limitation on the levy—this time not to "exceed *two mills* on each dollar of the assessed valuation." Section 12, chapter 228, Laws of 1937, as we have seen, limits the levy to one and one-fourth mills on the dollar at the assessed valuation.

The reference to Rem. Rev. Stat., § 4936, contained in § 12, chapter 228, Laws of 1937, is in no sense an attempt at an amendment. It does not even refer to § 4936, *as amended by § 2, chapter 226, Laws of 1937.* It (§ 12, chapter 228) simply identifies the levy authorized by Rem. Rev. Stat., § 4936, and imposes a limita-

tion, which was absent in the section as amended by § 12, chapter 28, Laws of 1933. In essence, the reference to Rem. Rev. Stat., § 4936, constitutes no more of an amendment than the forty mill limit laws (chapter 1, Laws 1937, p. 3; chapter 2, Laws 1935, p. 8) constitute amendments of all former laws relating to limitation on tax levies. To such a situation, the constitutional provision (Art. II, § 37), requiring an amended statute to be set out in full, does not apply. See: *Holzman v. Spokane,* 91 Wash. 418, 157 Pac. 1086; *In re Peterson's Estate,* 182 Wash. 29, 45 P. (2d) 45.

In effect, § 12, chapter 228, Laws of 1937, constitutes a repeal of that portion of Rem. Rev. Stat., § 4936, as amended by § 2, chapter 226, Laws of 1937, in so far as it relates to the limitation of the levy authorized. For in point of time, § 12, chapter 228, is the latest enactment with respect to placing a limitation on the levy authorized by Rem. Rev. Stat., § 4936, as amended. And the rule is applicable that, of conflicting provisions in different statutes passed at the same session of the legislature, the provisions of the act last passed effect a repeal of conflicting provisions in the earlier act. *Commissioners of King County v. Davies,* 1 Wash. 290, 24 Pac. 540; *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883.

Judgment affirmed.

MAIN, HOLCOMB, BEALS, MILLARD, GERAGHTY, ROBINSON, and TOLMAN, JJ., concur.

STEINERT, C. J. (concurring in the result)—I concur in the result, on the second, third and fifth grounds assigned in the opinion.