[No. 35377. Department Two. July 6, 1961.]

ROBERT HOWARD et al., *Respondents*, v. ROBERT FITZGERALD, *Appellant*, FRANCIS M. COLSON, *Defendant*.*

*Reported in 363 P. (2d) 386.

*Savage, Nuxoll & Brennan,* for appellant.

*F. L. Stotler* and *J. D. McMannis,* for respondents.

FINLEY, C. J.—Plaintiff, Robert Howard, brought the instant action against Francis Colson and Robert Fitzgerald to recover the purchase price of gasoline station equipment and merchandise, or, in the alternative, damages for conversion. From a judgment against both defendants, only Fitzgerald appeals. Therefore, matters pertinent only to Howard's action against Colson will not be discussed.

Howard was the lessee of the gasoline station in question, and the conditional vendee of its equipment and inventory. Colson (defendant) was both the lessor and the conditional vendor. Howard expressed a desire to sell out. Colson introduced Fitzgerald as a possible purchaser. Howard offered to sell to Fitzgerald the gasoline station equipment for its reasonable value and the merchandise at wholesale cost. Howard and Fitzgerald, with the intermittent presence and participation of Colson, took an inventory of the merchandise and equipment. Values were assigned to the pieces of equipment (some of the values were subsequently lowered); and, by checking invoices and contacting distributors, wholesale costs for many items of merchandise were established.

On August 10, 1958, Howard closed the gasoline station and abandoned the lease. On about August 18th, Colson served on Howard a notice of forfeiture of the lease, and ordered him to remove his property from the premises. Howard did not do so. On August 20th, Fitzgerald, as the new lessee of the real property, went into possession of the gasoline station and its contents.

When Fitzgerald began operating the station in August, he made use of some of the equipment left behind by Howard, and which Howard had offered to sell him, and commingled later purchases of gasoline with the 225 gallons left in the tanks by Howard. Some three months later, Fitzgerald placed most of the merchandise and equipment in commercial storage under Howard's name. He continued

to use the remaining items for two or three weeks, and then added them to the storage lot.

The trial court concluded on the foregoing facts that Fitzgerald had manifested an acceptance of Howard's offer to sell by taking possession of the property and using it.

Error is assigned to four of the trial court's findings of fact. After a careful reading of the record, we have concluded that, although the evidence in some instances is conflicting, all of the findings to which error is assigned are supported by substantial evidence. These particular assignments of error, therefore, are without merit.

Appellant Fitzgerald's principal argument is that the findings of fact do not support the conclusion that the parties had effected a contract, because at no time was there a definite agreement as to the total price to be paid. We do not agree.

■ Taking first the service station equipment: Howard's offer was to sell it at its "reasonable value." It is not necessarily fatal to the formation of a contract that the parties did not agree on the exact amount to be paid by the purchaser. 1 Corbin, Contracts, § 99. In an analogous real estate context this court has found less definite language to be a promise to pay or accept a "reasonable" amount, and has enforced lease contracts on that basis. See *Diettrich v. J. J. Newberry Co.* (1933), 172 Wash. 18, 19 P. (2d) 115 ("rental to be agreed upon"); *Young v. Nelson* (1922), 121 Wash. 285, 209 Pac. 515, 30 A. L. R. 568 ("such rental as may then be agreed upon"); *Anderson v. Frye & Bruhn* (1912), 69 Wash. 89, 124 Pac. 499 ("rental satisfactory to both lessor and lessee").

The trial court found the reasonable value of the equipment to be $800. Neither party claims that the sum is unreasonable. The finding will not be disturbed.

■ The offer with respect to the merchandise was to sell at the wholesale price. The wholesale price was ascertainable with reasonable certainty by a practicable method, without any new expression by the parties; therefore, the method agreed upon for determining the price of the mer-

chandise is enforcible. *Geyen v. Time Oil Co.* (1955), 46 Wn. (2d) 457, 282 P. (2d) 287; 1 Corbin, Contracts, § 98. In fact, the parties acting together ascertained the wholesale prices of most of the items. The trial court adopted the figures, which were not in dispute. The judgment did not allow Howard any credit for the items on the inventory list for which the wholesale price had not been established.

█ Appellant, Fitzgerald, points to the prohibition in the Colson-Howard conditional sale contract and urges that Colson did not waive his right under that clause of the contract. The argument answers itself: the right to object to the sale because of the restriction in the Colson-Howard contract, if not waived, belongs to Colson—Howard's vendor—and not to Fitzgerald, who is Howard's vendee.

Appellant assigns error to the trial court's admitting evidence of custom and usage on the ground that custom and usage were not pleaded. Howard was permitted to state what he believed to be the usual procedure in the sale of service stations for, in the trial judge's words, "the purpose of learning what his approach was to these sales negotiations." Other witnesses also testified to the customary procedure in such sales.

█ Howard's testimony was not used to define the meaning of the contract or to amplify the scope of the agreement (see 1 Restatement, Contracts, § 246). In *Warren v. Lebam Mill & Tbr. Co.* (1924), 129 Wash. 565, 225 Pac. 628, we said:

" . . . It is true that no such custom was pleaded, and that appellant must recover upon the express contract which he alleges, if at all, but if such a custom prevails, proof of it might tend to show the reasonableness of the contract alleged and make it more probable that the parties did so agree. We think, therefore, the proof of the general custom should have been admitted for the purpose indicated, but for that purpose alone."

See, also, *Codd v. Westchester Fire Ins. Co.* (1942), 14 Wn. (2d) 600, 128 P. (2d) 968, 151 A. L. R. 316, in which it was observed that

". . . where a custom or usage is relied upon incidentally, and only as evidence of some other fact in issue, it need not be pleaded."

The *Warren* case is especially applicable here. The existence of the custom tends to support Howard's testimony about what he thought to be the proper way to proceed, which, in turn, adds to the probability that he made the offer he claims to have made. The assignment of error is without merit.

 It is urged that, because of the doctrine of election of remedies, the trial court erred in not requiring the plaintiff to elect between the remedies he had pleaded in the alternative—enforcement of the contract and conversion. (The trial was conducted prior to the effective date of Rule of Pleading, Practice and Procedure 8,[1] RCW Vol. 0.) The trial court did not err in this respect, because the doctrine of election of remedies applies only where the litigant *has available to him two or more remedies among which to choose. McKown v. Driver* (1959), 54 Wn. (2d) 46, 337 P. (2d) 1068; *In re Wilson's Estate* (1957), 50 Wn. (2d) 840, 315 P. (2d) 287; *Willis T. Batcheller, Inc. v. Welden Constr. Co.* (1941), 9 Wn. (2d) 392, 115 P. (2d) 696. In the instant case Howard did not have two remedies available to him. Either there was a contract and he had the remedy of enforcement, or there was not a contract and he had a remedy for conversion.

Finally, appellant claims it to have been error for the trial court to consider evidence of what transpired at a meeting between the parties and their attorneys. Appellant's assertion is that they were then negotiating for a compromise settlement of respondent's claim. So far as the record discloses to us, the attorneys at the meeting made some telephone calls to distributors to ascertain the whole-

---

[1] Subsection (e)(2) of RPPP 8 states, in part:

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. . . ."

sale price of some items of inventory and agreed to submit to others the task of completing the price-extension project. The dispute is not as to what the wholesale value of the merchandise was, but whether the parties had formed a contract. Nothing occurred at the meeting, so far as the evidence which was admitted shows, to induce us to believe that it was an attempt by appellant to effect a compromise settlement of respondent's claim; *i.e.,* to "buy his peace." *Eckhardt v. Harder* (1931), 160 Wash. 207, 294 Pac. 981.

No error having been committed, the judgment of the trial court is affirmed.

HILL, WEAVER, ROSELLINI, and FOSTER, JJ., concur.

