[Civ. No. 26270.   Second Dist., Div. Three.   July 18, 1963.]

WELLS E. A. FORDE, Plaintiff and Appellant, v. VERN-BRO CORPORATION, INCORPORATED, Defendant and Respondent.

Manasse & Weissburg and Carl Weissburg for Plaintiff and Appellant.

Harold J. Sinclair for Defendant and Respondent.

FORD, J.—This is an appeal by the plaintiff from a judgment rendered in an action brought by him for a declaration of the rights and obligations of the parties under a written agreement and for other relief. The defendant is Vernbro Corporation.

The defendant corporation erected a medical office building. The plaintiff, Dr. Forde, was one of the original stockholders of the corporation and became a tenant of a portion of its premises. When he became delinquent in payment of rent, in an unlawful detainer action the defendant obtained a judgment against him in January 1960 for possession of the premises and for the sum of $10,982.64. Thereafter Dr. Forde vacated the premises under an agreement in writing which was made later in the same month.

The body of the agreement is as follows: "It Is Hereby Agreed by and between Wells E. A. Forde defendant and Vernbro Corp. plaintiff in the matter of *Vernbro* vs *Forde* L. A. Superior Court # 733 603 by their respective

attorneys that defendant Forde will vacate the premises which are the subject of the said lawsuit on or before January 31, 1960 and further that the stock now owned by defendant in plaintiff's corporation will be surrendered to plaintiff in return for which plaintiff will pay defendant the amount of the fair evaluation as agreed by the attorneys hereto less the amount of judgment and costs in the aforementioned lawsuit said payment to be $1000.00 cash on or before the 31st day of January, 1960 and the balance in 5 equal annual installments.''

The shares of stock had been held in escrow pursuant to an order of the Commissioner of Corporations. The escrow holder was the attorney who has represented the corporation in the matter presently before this court. The attorneys for the parties were unable to agree with respect to the matter of the fair value of the stock. The sum of $1,000 was not paid to Dr. Forde. On April 21, 1960, the defendant corporation purchased the plaintiff's shares of stock at an execution sale for the amount of its judgment against Dr. Forde.

The basic determination made by the trial court was that the agreement was unenforceable because there was no designation of a specific price but only ''an agreement to agree in the future as to the value of the stock owned by the plaintiff.'' It was held that the execution sale was valid and that the corporation had acquired title to the shares of stock.

The question presented on this appeal is whether the agreement was sufficiently definite with respect to the matter of price so that it could be enforced. ■ Guidance in the solution of that problem is found in *Roberts* v. *Adams*, 164 Cal.App.2d 312 [330 P.2d 900], at pages 314-315: ''It is Hornbook law that an agreement to make an agreement is nugatory, and that this is true of material terms of any contract. ■ But the law has progressed to the point that it ' ''does not favor but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained.'' ' (*California Lettuce Growers* v. *Union Sugar Co.*, 45 Cal.2d 474, 481 [289 P.2d 785, 49 A.L.R.2d 496].) This softening of the original concept of *nudum pactum* has extended to a failure to state the price of a purchase. ■ 'Unexpressed provisions of a contract may be inferred from the writing or external facts. ■ Thus it is well settled that a contract need not specify price if it can be objectively determined.' (*Id.* p. 482.)

█ But, in the absence of internal or external indicia of what the parties would have agreed upon, the court cannot supply the omitted provision, for that would amount to making a contract for the parties.'' (See also 1 Witkin, Summary of Cal. Law (7th ed.) p. 52.)

In section 97 of Corbin on Contracts it is stated (pp. 302-304): "If the parties provide a practicable, objective method for determining this price or compensation, not leaving it to the future will of the parties themselves, there is no such indefiniteness or uncertainty as will prevent the agreement from being an enforceable contract. The same is true if they agree upon payment of a 'reasonable' price or compensation. There are many cases, however, in which it is clear that the parties have not agreed upon a 'reasonable price,' and also have not prescribed a practicable method of determination. Where this is true, the agreement is too indefinite and uncertain for enforcement. The court should be slow to come to this conclusion if it is convinced that the parties themselves meant to make a 'contract' and to bind themselves to render a future performance. Many a gap in terms can be filled, and should be, with a result that is consistent with what the parties said and that is more just to both than would be a refusal of enforcement.''

In section 99 of his treatise Professor Corbin states (p. 314): "An agreement to pay a 'fair price' for land or goods or services may be regarded as identical with a promise to pay a 'reasonable price.' If such is the accepted meaning, the agreement is sufficiently definite for enforcement. It is obvious that a contract to pay a reasonable price . . . leaves plenty of opportunity for difference of opinion and dispute. It can not properly be assumed that only one price . . . is reasonable under the particular circumstances of any case. Reasonableness is a matter of opinion; and opinions differ, even though they are equally honest and well informed. A promise to pay a reasonable price . . . is, in its legal effect, a promise to pay a sum that a court or jury may determine in case of dispute.''[1]

█ In the present case the only reasonable interpretation of the written agreement is that the parties intended

[1] In *Howard* v. *Fitzgerald*, 58 Wn.2d 403 [363 P.2d 386], it was held that a contract for the purchase of service station equipment at its ''reasonable value'' was enforceable even though the parties had not agreed on the specific amount to be paid. The determination of the reasonable value of the property by the trial court was upheld.

that the plaintiff should be bound to sell his shares of stock to the defendant and that the defendant should be obligated to pay to the plaintiff the fair value of that stock, less the unpaid amount due under the judgment against the plaintiff, Dr. Forde. It is obvious that the parties contemplated that the fair value of the stock was substantially in excess of what was due under that judgment. The provision that the price should be made specific in terms of money by the attorneys for the parties was clearly not intended to mean that either party had discretion to negotiate in a manner inconsistent with adherence to the criterion of fair value.

The function assigned to the attorneys was ancillary to the main purpose of the agreement which was the satisfaction of the judgment and the transfer of ownership of the shares of stock to the defendant for a price measured by the prescribed standard. The trial court found that the plaintiff refused to accept the valuation ''proffered'' by the defendant and that the defendant thereupon notified the plaintiff that the ''memorandum to negotiate'' was withdrawn and subsequently purchased the shares of stock at execution sale. But the defendant was not free to so act. ▮ The agreement provided a sufficient standard in accordance with which a court could determine the matter in dispute since the concept of fair value is well established in the law. (See 35 C.J.S. 602; *United States* v. *North Carolina Granite Corp.* (4th Cir. 1961) 288 F.2d 232, 235; 1 Williston on Contracts (3d ed.) § 41, p. 130.) As noted in *Bewick* v. *Mecham,* 26 Cal.2d 92 [156 P.2d 757, 157 A.L.R. 1277], at page 99: ''Determination of the value of the property is a common task of courts in condemnation, partition, and other proceedings.'' ▮ Consequently, upon the failure of the attorneys to agree upon a specific price as constituting the fair value of the shares of stock, the proper recourse was to the court. (See *Ablett* v. *Clauson,* 43 Cal.2d 280, 286 [272 P.2d 753]; *Bewick* v. *Mecham, supra,* 26 Cal.2d 92, 99-100.) Only by such recourse could the respective rights and obligations of the parties receive just and meaningful recognition under the circumstances of the present case.

The judgment is reversed.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied August 5, 1963.