[No. 41562.    En Banc.    April 1, 1971.]

CARL LANGE, *Respondent*, v. THE TOWN OF WOODWAY,
*Appellant.*

*Vern J. Seather* and *Charles E. Watts,* for appellant.

*Ryan, Carlson, Bush, Swanson & Hendel* and *Dale E. Kremer,* for respondent.

NEILL, J.—The town of Woodway appeals from a judgment declaring null and void two zoning ordinances establishing minimum area for residential building lots.

Plaintiff acquired approximately 60,000 square feet of land in an unincorporated area of Snohomish County in 1957. In March, 1958, an area encompassing plaintiff's property was incorporated as the town of Woodway. The town's original zoning ordinance, adopted immediately following incorporation, divided the community into three residential zones with differing minimum lot sizes. Plaintiff's land was within a zone requiring a minimum of 13,600 square feet for a residential lot.

In the fall of 1958, the town adopted a comprehensive plan under which use of the area containing plaintiff's property was restricted to a maximum of three dwellings per acre. The town then adopted ordinance No. 16 establishing a minimum lot size of 14,500 square feet for this area. In 1959, the current ordinance (No. 20) was adopted increasing this minimum to 14,520 square feet (⅓ acre). At the same time, the town adopted ordinance No. 21 setting forth variance procedures.

Between 1959 and the commencement of this action, plaintiff reduced his holdings to a tract containing between 28,000 and 29,000 square feet, which is barely insufficient for division into two conforming building sites.

The threshold issue to be decided here is whether inability, in a practical business sense, to comply with stated minimum lot size requirements constitutes sufficient standing to attack the zoning in the courts without first pursuing available variance procedures. In view of our conclusion on this issue, we do not reach the trial court's findings and conclusions as to plaintiff's substantive claims.

The stated minimum lot size requirements of ordinances Nos. 16 and 20 are not intractable. By the town's ordinance No. 21, administrative relief is available. That ordinance establishes a board of adjustment which is empowered to permit variances in certain cases.[1] Other sections of ordi-

---

[1] The relevant provisions of ordinance No. 21 are: "*Section 3. Jurisdiction.* The Board shall have the following powers:

"a. To make and permit certain exceptions and variances to land use, regulations or restrictions in harmony with the general purpose

nance No. 21 empower the board to consider and act on applications for special or conditional uses and appeals from zoning interpretations of the town building inspector.

Some contention is made by the town that plaintiff's sale of a portion of his tract after 1959 was a voluntary act causing the current noncompliance, but this is a non sequitur as without the sale the problem remained the same, only the number of lots changed. The available area would not permit division into complying lots without economic loss to plaintiff.

Plaintiff has never applied for a variance as to his property. The town moved for dismissal on this basis. The motion was denied. Evidently the trial court accepted plaintiff's argument on the motion to dismiss that he was not

---

and intent of the town's ordinances when, owing to special conditions, an enforcement of the provisions of the zoning ordinance will result in unnecessary hardship, and when practical difficulties render it difficult to comply with the provisions of said zoning ordinance.

". . .

"*Section 5. Variances.* Where practical difficulties exist rendering compliance with the provisions of the zoning ordinance impractical, and such compliance would create unnecessary hardships to the owner or user of land or buildings, the Board may grant a variance in harmony with the general purpose and intent of the zoning or building ordinance by varying the application of rules, regulations or provisions of such ordinance relating to the use of land or structures and any construction, structural or equipment changes, to the extent expressly provided thereby, so long as the spirit and benefits of the ordinance will be preserved, public safety secured and substantial justice be done. The Board shall not vary any of the rules, regulations or provisions of the ordinance unless the Board, upon due and diligent investigation and after public hearing shall find that all of the following conditions exist in such case, to-wit:

"a. That the land or structure, for which the variance is requested, cannot be used reasonably and cannot yield a reasonable return if the use thereof is limited to those specified for the use district in which such land or structure is located.

"b. That the variance in use, requested by the applicant or appellant, if established will not be of a general classification differing or inconsistent from the essential use provisions of the use district in which such land or structure is located.

"c. That the plight of the owner is due to *unique* circumstances which are not general to the other lots, parcels or portions of the use district and are not the result of the owner's *voluntary* action."

compelled to seek administrative relief from what was alleged to be a void legislative enactment. Plaintiff's argument is two-pronged: first, that the administrative variance procedure is not responsive to the legal questions raised by an assertion that the zoning ordinance in question is void; and, second, that pursuit of a variance would constitute an election to treat the ordinance as valid, precluding a later assertion of invalidity. We believe that the trial court erred in accepting this argument.

The fact that administrative variance procedures do not address themselves to the underlying constitutional validity of the ordinance in question has no bearing on the question of whether a party has standing to urge the unconstitutionality of the ordinance in the courts. The question is not whether the administrative procedure can respond to the charge of unconstitutionality, but whether the procedure can alleviate any harmful consequence of the ordinance to the complaining party. If such alleviation is available, then one must seek it before he will be heard to say that the ordinance injuriously affects him. If one cannot show that enforcement of the challenged ordinance harmfully affects him, then he has no standing to challenge the constitutionality of that ordinance. This has long been our rule. *E.g., State v. Human Relations Research Foundation,* 64 Wn.2d 262, 391 P.2d 513 (1964); *State v. Lundquist,* 60 Wn.2d 397, 374 P.2d 246 (1962); *Galvin v. State Tax Comm'n,* 56 Wn.2d 738, 355 P.2d 362 (1960); *Kitsap County v. Bremerton,* 46 Wn.2d 362, 281 P.2d 841 (1955); *State ex rel. Hansen v. Salter,* 190 Wash. 703, 70 P.2d 1056 (1937); *State v. Charrier,* 151 Wash. 654, 276 P. 878 (1929). Our reluctance to invoke and apply constitutional considerations where other means of redress are available finds added reason in zoning cases where the matter in question is the substance of an act of legislative discretion, which cases call into play the respect due from courts for a coordinate branch of government. *See, e.g., Chestnut Hill Co. v. Snohomish,* 76 Wn.2d 741, 458 P.2d 891 (1969); *State ex rel. Myhre v. Spokane,* 70 Wn.2d 207, 422 P.2d 790 (1967).

We do not agree that pursuit of a variance constitutes an election to treat the zoning ordinance in question as valid, thus precluding subsequent assertion of constitutional or other infirmity in the ordinance itself. Nothing in the variance ordinance of the town of Woodway requires or implies such an election. The general law pertaining to election of remedies is hardly so intransigent as plaintiff suggests. The concept of election of remedies is a rule of narrow scope, having the sole purpose of preventing double redress for a single wrong. *Barber v. Rochester,* 52 Wn.2d 691, 328 P.2d 711 (1958). Our cases make it clear that three elements must be present before a party will be held bound by an election of remedies. Two or more remedies must exist at the time of the election; the remedies must be repugnant and inconsistent with each other; and the party to be bound must have chosen one of them. *McKown v. Driver,* 54 Wn.2d 46, 337 P.2d 1068 (1959); *In re Estate of Wilson,* 50 Wn.2d 840, 315 P.2d 287 (1957); *Barber v. Rochester, supra; Willis T. Batcheller, Inc. v. Welden Constr. Co.,* 9 Wn.2d 392, 115 P.2d 696 (1941); *Lord v. Wapato Irr. Co.,* 81 Wash. 561, 583, 142 P. 1172 (1914). As we have already noted, there is nothing in ordinance No. 21 of the town of Woodway to indicate that one who seeks a variance thereby admits the validity of the zoning ordinance in question. Nor is there any inherent repugnancy or inconsistency between a request for a variance and an attack on the zoning ordinance itself. As plaintiff himself has observed, distinct considerations pertain to each. One seeking a variance admits only that the restrictive zoning ordinance exists and that its terms are applicable to him. He does not thereby concede the validity of the ordinance. Conversely, one who attacks the validity of a zoning ordinance cannot be held, ipso facto, to have admitted that the ordinance would not result in unwarranted and unnecessary hardship as applied to him. The assertions and considerations relevant to each remedy are distinct and cumulative rather than mutually inconsistent. Plaintiff does not forego

his right to attack the validity of the zoning ordinance by seeking a variance from its operation.

Here, as an "owner of land", plaintiff has available to him the procedures for seeking a variance under ordinance No. 21 of the town of Woodway. Until he has pursued that remedy, we cannot say that he is a party injured by the zoning ordinances which he has sought to attack in the courts. Should the board of adjustment deny plaintiff's application for a variance, section 16 of ordinance No. 21 recognizes plaintiff's right to appeal to the courts by certiorari. In that event, and at that time, plaintiff would have standing to argue the assertion which he has prematurely raised in this action. Today's decision does prejudice to none of these rights.

Reversed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, McGOVERN, STAFFORD, and WRIGHT, JJ., concur.

Petition for rehearing denied June 18, 1971.