[No. 2673-1.   Division One.   April 5, 1976.]

BANK OF THE WEST, *Appellant*, v. WES-CON DEVELOPMENT CO., INC., ET AL, *Defendants*, ROBERT GOOCH, ET AL, *Respondents*.

*Matsen, Cory, Matsen & Sprague* and *Thomas E. Sprague,* for appellant.

*Jordan, Brinster & Templeman, P.S., Dennis Jordan, Thom, Mussehl, Navoni, Hoff & Pierson, Richard W. Pierson,* and *Thomas R. Dreiling,* for respondents.

CALLOW, J.—The plaintiff, Bank of the West, appeals from an order dismissing its action for fraud and unjust enrichment against Mt. View Sand & Gravel and Newland Construction Company, joint payees upon a bank check. The action was dismissed on the ground that a claim had not been stated upon which relief could be granted. We remand for trial.

Newland Construction Company, a general contractor, Wes-Con Development Company, a subcontractor, and Mt. View Sand & Gravel, a materials supplier to Wes-Con, were engaged in a construction project. To assure payment for materials supplied to the subcontractor Wes-Con, the ma-

terials supplier Mt. View requested that Newland include Mt. View as a second, joint payee on checks issued as payment to West-Con for performance of the subcontract. In accordance with Mt. View's request, Newland issued a check in the amount of $9,766 drawn on the Bank of Everett and payable to the order of Wes-Con and Mt. View as joint payees. Wes-Con received the check, paid $5,000 to Mt. View, and then demanded Mt. View's endorsement on the check. Mr. Hawthorn, an employee of Mt. View, refused to endorse the check, stating that only Mr. Gooch of Mt. View had the authority to supply the necessary endorsement. Subsequently, Wes-Con endorsed the check, typed the endorsement of Mt. View on the check, and deposited the check in an account of Wes-Con's at the Bank of the West.

The Bank of the West presented the check to the drawee Bank of Everett for payment. The Bank of Everett paid the check and debited Newland's account. Wes-Con subsequently withdrew the amount of the check from its account with the Bank of the West. After discovering the typed endorsement, Mr. Gooch and Mr. Hawthorn filed an affidavit of forged endorsement asserting both that Mt. View's endorsement was a forgery and that Mt. View received no benefit from the proceeds of the check. In turn, the Bank of Everett recovered the amount of the check, $9,766, from the Bank of the West and recredited Newland's account.

The Bank of the West brought an action against Wes-Con, Newland, and Mt. View to recover the amount of the check. Bank of the West alleged that Wes-Con was liable for forging Mt. View's endorsement, that Mt. View was liable for fraudulently filing an affidavit of forged endorsement after actually receiving a payment of $5,000, and that Newland was liable for soliciting and participating in the filing of a false affidavit of forged endorsement and the consequent unjust enrichment inherent in receiving materials for the construction project without paying for the supplies. Wes-Con failed to appear in the action and the Bank of the West was awarded a default judgment against Wes-

Con. Following the opening statement of the Bank of the West, the trial court dismissed the causes of action for fraud and unjust enrichment against Mt. View and Newland for failure to state a claim upon which relief could be granted. The sole issue presented on appeal is whether dismissal was proper.

A motion for dismissal of an action for failure to state a claim made at the conclusion of the plaintiff's opening statement may be granted "only if it is clear beyond doubt that no set of facts could be proven that would entitle the plaintiff to relief upon the claim." *Loger v. Washington Timber Prods., Inc.,* 8 Wn. App. 921, 923, 509 P.2d 1009 (1973). Trial and appellate courts are to consider the allegations of the complaint, the opening statement, and all offers of proof as verities for the purpose of evaluating the motion. *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 458 P.2d 897 (1969).

The action initiated by the depositary-collecting Bank of the West is an attempt to recover the $9,766 loss sustained in taking the check for collection. Articles 3 and 4 of the Uniform Commercial Code, RCW 62A.3-101 *et seq.* on commercial paper, and RCW 62A.4-101 *et seq.* on bank deposits and collections, apply. RCW 62A.3-116 provides that

> An instrument payable to . . . two or more persons
>
> . . .
>
> . . . if not in the alternative . . . may be negotiated . . . only by all of them.

Payment on a forged endorsement is a conversion. RCW 62A.3-116(b); RCW 62A.3-419(1); *Von Gohren v. Pacific Nat'l Bank,* 8 Wn. App. 245, 505 P.2d 467 (1973). A forged endorsement is "unauthorized" and wholly inoperative unless ratified. RCW 62A.1-201(43); RCW 62A.3-404(1); *Stone & Webster Eng'r Corp. v. First Nat'l Bank & Trust Co.,* 345 Mass. 1, 184 N.E.2d 358, 99 A.L.R.2d 628 (1962).

A drawee bank may not debit a drawer's account after paying a check with a forged payee's endorsement. When the payee Wes-Con deposited the check with Bank of the

West, no negotiation occurred because the necessary endorsement of the other payee, Mt. View, was lacking. RCW 62A.3-202(1); *FDIC v. Marine Nat'l Bank*, 431 F.2d 341 (5th Cir. 1970). Checks containing a forged endorsement are not "otherwise properly payable" and may not be charged to the drawer's account. RCW 62A.4-401(1). The drawee, Bank of Everett, properly recredited the account of the drawer Newland.

When a check is negotiated on the basis of a forged endorsement, the drawee bank may not charge the drawer's account, but it does have the right to recover payment of the check from a prior collecting bank. A collecting bank that presents and receives payment for a check containing a forged endorsement is liable for breach of the warranty of good title. RCW 62A.4-207(1)(a). Here, the plaintiff Bank of the West, as collecting bank, could not raise the defense permitted by RCW 62A.3-419(3) that it acted in good faith and in accordance with reasonable commercial standards when the endorsement that it accepted was typewritten and therefore suspect on its face. The recovery by the Bank of Everett from Bank of the West was appropriate.

Conversely, a collecting bank has rights of recovery from prior parties for breach of the warranties of good title and genuineness of signatures. RCW 62A.4-207(2)(a) and (b). The Bank of the West has elected to assert this right under the Uniform Commercial Code to recover against Wes-Con for the breach of warranty arising from the forged endorsement and has achieved a default judgment for the full amount of the check against Wes-Con.

The recrediting of Newland's account, the recovery by the drawee bank from the collecting bank, and the judgment in favor of the collecting bank against the forger is the progression foreseen by the Uniform Commercial Code. Rights of recovery continue until the party taking the check from the forger is reached. If recovery from the forger is precluded by the forger's unavailability or insolvency, the party dealing directly with the forger should

bear the loss. The rationale of the Uniform Commercial Code solution is persuasive, for the party taking the check from the forger is in the best position to prevent the forgery and avoid consequent losses. H. Bailey, *The Law of Bank Checks* §§ 15.10, 15.13 (4th ed. 1969).

Notwithstanding the foregoing discussion, losses should not be placed upon negligent banks simply because it is a convenient solution to do so or when such action will grant an unwarranted and unearned benefit upon another. The situation must be considered in the light of general principles of law and equity which supplement the provisions of the Uniform Commercial Code. RCW 62A.1-103.

In addition to exercising the rights of recovery for the forged endorsement from Wes-Con provided by the Uniform Commercial Code, the Bank of the West also initiated causes of action for fraud and unjust enrichment against Newland and Mt. View. The basis of both causes of action is the Bank of the West's claim that Mt. View received money as a result of the check transaction, therefore the affidavit of forged endorsement was false and, as a result, the defendants Newland and Mt. View each received a windfall. The plaintiff depositary bank asserts that unless it is granted recovery the defendants will be unjustly enriched. *Cf. Sullivan v. Wilton Manors Nat'l Bank*, 259 So. 2d 194 (Fla. Dist. Ct. App. 1972); *Gotham-Vladimir Advertising, Inc. v. First Nat'l City Bank*, 27 App. Div. 2d 190, 277 N.Y.S.2d 719 (1967); 10 Am. Jur. 2d *Banks* § 625 (1963).

The code contemplates the position asserted. RCW 62A.3-404(1) provides that an "unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it". Actual receipt of the proceeds of the check may, therefore, preclude denial of the endorsement's authenticity and assertion of the forgery. If denial of the signature is precluded, then the signature is operative and a collecting bank would not be required to bear any loss from taking a check with a forged endorsement.

The assertion that a joint payee actually received pro-

ceeds as a result of an endorsement is not wholly consistent with initiating a cause of action against the forger based upon the breach of warranty inherent in the forged endorsement. The basis of the cause of action against the forger is that the endorsement is invalid and inoperative. The cause of action for fraud and unjust enrichment is based upon the assertion that to the extent of the actual receipt of funds, the signature is ratified or the receiver precluded from denying its validity. The alternative remedies sought by the depositary bank depend to this extent upon divergent assertions.

The inconsistencies of the allegations impair presentation of the causes of action for fraud and unjust enrichment. The doctrine of election of remedies, designed to prevent double recovery for a single loss, provides that if two or more inconsistent remedies exist, a party choosing one will be bound to the one remedy and precluded from asserting the others. *Lange v. Woodway*, 79 Wn.2d 45, 483 P.2d 116 (1971); *Willis T. Batcheller, Inc. v. Welden Constr. Co.*, 9 Wn.2d 392, 115 P.2d 696 (1941); *Melby v. Hawkins Pontiac, Inc.*, 13 Wn. App. 745, 537 P.2d 807 (1975). The trial court must be aware of the doctrine in order that the depositary bank not be granted a double recovery. The trial court must inquire whether the achievement of a default judgment against Wes-Con constituted an election between inconsistent remedies barring the actions against Mt. View and Newland. *See McKown v. Driver*, 54 Wn.2d 46, 337 P.2d 1068 (1959).

However, we cannot state at this juncture that when the pleadings and the opening statement are viewed as verities, a claim has not been stated against the remaining defendants. *See* RCW 62A.1-103. The record does not establish whether the $5,000 allegedly paid in connection with the existence of the check had, in fact, any connection with the check. It appears that as a result of the series of transactions that occurred, Newland may have been relieved of $9,766 of debt while the plaintiff bank, though negligent, is nonetheless unjustly punished for its negligence by extract-

ing from it the full amount of the check. It appears that, in addition to satisfying Newland's debts to its subcontractor and materials supplier to the amount of the check, the subcontractor may have benefited in the sum of $4,766 and the supplier may have received a windfall of $5,000. The dismissal of the action in the face of these possibilities and prior to the establishment of the facts of the situation was premature. The dismissal of the action at the close of the plaintiff's opening statement leaves factual matters unresolved and questions unanswered as to whether either Newland or Mt. View have received windfalls and, if so, in what amount.

The dismissal is reversed and the cause remanded for trial.

FARRIS and SWANSON, JJ., concur.