[No. 37896. Department One. November 4, 1965.]

ROBERT E. LOSS *et al., Appellants,* v. GLENN W. DEBORD *et al., Respondents.\**

*Joseph P. Delay* and *J. Donald Curran* (of *Delay & Curran*), for appellants.

*Fred W. Gilbert* and *Harold D. Clarke* (of *Hamblen, Gilbert & Brooke*), for respondents.

SHORETT, J.†—This is an automobile accident case in which the trial court granted summary judgment dismissing the appellants' complaint on the ground that the appellant

*Reported in 407 P.2d 421.

†Judge Shorett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

driver's contributory negligence was established beyond controversy.

Rule of Pleading, Practice and Procedure 56(c) permits summary judgment where ". . . the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Subdivision (e) of the same rule further provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."

The basis of the trial court's finding of contributory negligence was that Mrs. Loss, the appellant driver, intending to turn left, had stopped her car at a point where the highway lanes for traffic in opposite directions were divided by yellow lines spaced 4 inches or more apart. When stopped, her car was struck by respondent's automobile, which was changing lanes.

The applicable statute is RCW 46.60.020, which provides:

> Whenever any highway has been divided into two roadways for travel in opposite directions by leaving an intervening space or by a physical barrier or clearly indicated dividing section or by two parallel yellow barrier stripes four inches or more apart so installed as to control vehicular traffic, every vehicle shall be driven only upon the right hand roadway and no vehicle shall be driven over, across or within any such dividing space, barrier or section, or yellow barrier stripes, except through an opening in such physical barrier or dividing section or space, or yellow barrier stripes, or at a crossover or intersection established by public authority.

Appellants concede that Mrs. Loss should be held contributorily negligent if she stopped her car intending to turn left across *visible* double lines. See *Guerin v. Thompson,* 53 Wn.2d 515, 335 P.2d 36 (1959). But appellants maintain that the relevant portions of the depositions and affidavits present a question of fact as to the visibility of the double yellow lines at the point of the accident. The application of

the doctrine of last clear chance is also suggested in one of the affidavits, but appellants' counsel has not presented any such question by brief or argument and we deem it waived.

In order to determine if there is a "genuine issue" of fact, it is necessary to examine the depositions and affidavits.

The foreman of the sign and paint department for Spokane County stated that double yellow lines were renewed at the point in question about 1 year and 4 months before the accident, and that "these lines are continuous except at intersections. These lines are painted four inches in width and four inches apart."

The state patrolman who investigated the accident stated by affidavit: "At this place on Sprague Avenue the North and South lanes are divided by double yellow lines more than 4 inches apart."

A truck driver who was at the scene of the accident stated that he recalled that the highway was divided by double yellow lines.

Five and one-half months after the accident, Mrs. Loss testified on deposition as follows:

Q. Was there a center line in the middle of Sprague at that time? A. I don't know. Q. You don't know what kind of markings were on the pavement at that time? A. No, I don't. Q. Have you looked at it since? A. Not in that respect. I drive down it at least three times a week with my husband, or taking the children somewhere. Q. Isn't it true there are two solid, yellow lines delineating Sprague Avenue in that area and right in front of Northwest Sewing Center? A. I don't know. Q. Although you have looked at it many times, you haven't noticed the condition of the center lines? A. No, I haven't.

We turn now to the affidavits of appellants, Mr. and Mrs. Loss, having in mind that to raise "a genuine issue as to any material fact" such affidavits "shall be made on personal knowledge" and "show affirmatively that the affiant is competent to testify in the matters stated therein."

Less than 30 days after testifying as above at her deposition, Mrs. Loss and her husband made the following statement in a joint affidavit:

That at the location where the accident occurred there is located the West University Shopping Center with an entrance to the highway at the scene where the accident occurred, and the double lines are not visible to a traveling motorist and were not visible to the undersigned due to the fact that they were covered with dirt and debris and it appeared that there was a break in the double lines at the location thereby allowing the undersigned to make a turn at this break which is at the intersection of Harold Road.

A few days later, the appellant driver filed a supplemental affidavit to which she attached two photographs taken of the highway 6 months after the accident. In this affidavit, she states:

That she took the pictures attached hereto and labeled Exhibit 1 and 2 on or about the 1st day of April, 1964, that the conditions of said highway and yellow lines thereon at the scene of the accident are substantially in the same condition at the time of the accident as when said pictures were taken, that the "x" marks on both pictures indicate where affiant had stopped her car and where the collision occurred. That said double lines were obliterated and imperceptible at the point where affiant was intending to make her left hand turn and for some distance prior thereto and subsequent thereto.

That affiant had no knowledge that said double lines existed at said scene of said accident prior to said accident and was not in fact familiar with the location of said double lines on said highway until the Defendants above raised this issue approximately in March of 1964.

Although the street in question is a busy one and many persons must have been familiar with the condition of the yellow lines, no other evidence was presented to the trial court by appellants in support of their contention that the double yellow lines were obliterated.

The record clearly shows Mrs. Loss' lack of personal knowledge concerning the condition of the yellow lines at the time of the accident. Personal knowledge being a requirement of Rule of Pleading, Practice and Procedure 56(e), her affidavits deserve no consideration in determining whether a genuine issue of fact is present.

The appellant husband's statement in the joint affidavit adds nothing, for there is no showing of personal knowledge on his part. No "genuine issue as to any material fact" is presented by appellants' affidavits.

Judgment affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.