[No. 280-40772-1.    Division One.    March 23, 1970.
Panel 1

BUFORD W. RAABE et al., Respondents, v. WALTER T. COY et al., Appellants.

*Heiman & Samboni* and *Bernard L. Swerland,* for appellants.

*Heckendorn & Judd* and *C. Henry Heckendorn,* for respondents.

Swanson, J.—The defendants, Walter Coy and Dorothy Coy, appeal from a summary judgment quieting title to the Hi-Line Theatre property in the plaintiffs, Buford W. and Josephine Raabe.

That the parties and the subject matter of this lawsuit are not strangers to the judicial process is emphatically revealed by reference to our Supreme Court decisions in *Graham v. Raabe,* 62 Wn.2d 753, 384 P.2d 629 (1963); *Coy v. Raabe,* 69 Wn.2d 346, 418 P.2d 728 (1966); *Coy v. Raabe,* 77 Wn.2d 322, 462 P.2d 214 (1969).

The lengthy record of litigation[1] which was a prelude to this action is related in detail in the prior cases between these parties, and only so much as is necessary will be repeated here.

The Raabes purchased the theater property from one McClellan in 1960. Walter Coy and wife formerly owned the property until a Reconstruction Finance Corporation mortgage foreclosure by McClellan served to extinguish their title. Coys have waged a persistent rear-guard delaying action ever since.

---

[1] The chronology of continuous legal controversy between these parties has stretched over most of the past decade and prompted Justice Finley to observe in *Coy v. Raabe,* 77 Wn.2d 322, 462 P.2d 214 (1969), "This is the third and hopefully a final opinion of this court in this one case." Only by the intervention of constitutional change and legislative implementation, *i.e.,* creation of a Court of Appeals, has that court been spared the fourth opinion.

Raabes' complaint, filed April 11, 1968, alleged that Walter Coy filed an instrument with the King County Auditor purporting to be a quitclaim deed from his son, Gary Guy Coy,[2] and sought to quiet title free of any claim by Walter Coy. Upon considering the pleadings, affidavits, and depositions, the trial court granted summary judgment and quieted title free of any claim of Walter or Dorothy Coy and concluded that the purported deed from Gary Guy Coy was null and void from its inception. During oral argument, Raabes moved to dismiss the appeal pursuant to CAROA 51.[3] We would grant the motion; however, it was not timely. See CAROA 54.[4] However, the rationale of Raabe's motion is valid, and it will be considered. In summary, the plaintiffs contend that the judgment must be affirmed without considering the merits because this court has no record before it to review. This appeal has no statement of facts.

■ The rule applied in a situation such as this is explained in *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 815, 370 P.2d 867 (1962):

---

[2]To further illustrate the legal tangle existing between the parties, a decision in *Coy v. Raabe,* 77 Wn.2d 322, 462 P.2d 214 (1969), was filed December 4, 1969. This was an action for specific performance by Gary Guy Coy, the son of Walter Coy, to enforce his right to exercise an option to purchase the Raabe real property. Prior decisions had established that in order for Gary Guy Coy to exercise the option, he had to reimburse Raabes for the money advanced by Raabes in purchasing and maintaining the property. On page 328, the court said:

> If Coy [Gary Guy Coy] pays the amount [$35,622.84] found by the trial court within 30 days after the filing of this decision, he shall be entitled to a transfer of the title of the property. If he does not pay that amount, title to the property will be quieted in respondents Raabe upon the return of the $7,000 plus 6 per cent interest on that sum from March 27, 1967.

[3]"Any respondent may move the court of appeals to dismiss an appeal either on the ground that . . ., or that the record on appeal has not been sent up, . . ."

[4]"All notices of motions not given in the briefs must be in writing; and the necessary time of notice shall be not less than ten days, unless a different time is fixed by special order of this court. But where the service of a notice is made by mail between different places, the time of notice above mentioned shall be thirteen days."

In an appellate review of a summary judgment entered pursuant to [CR] 56, RCW Vol. 0, this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters considered may be certified to this court by either of two methods, or a combination of them. First, they may be incorporated in a statement of facts certified by the trial court; second, *they may be identified with particularity in the summary judgment* signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record —no more and no less—considered by the trial court.

(Italics ours.)

While we do have a transcript certified by the clerk of the court, the summary judgment signed by the trial court makes only general reference to the matters considered by stating:

> After the parties had submitted substantial additional affidavits, including by reference the prior Washington State Supreme Court decision pertaining to the property and issues, and the files and records in the superior court action between the parties and prior title holders, and the court had studied the pleadings, depositions, and affidavits, the matter was regularly heard, . . .

We do not have "the files and records in the superior court action between the parties and prior title holders," referred to in the order. Nor do we know if all the pleadings, depositions, and affidavits considered by the trial court are in the transcript.

If we overlook the question of an adequate record for review and assume only the matters contained in the transcript are those considered by the trial court, the defendants Coys' only assignment of error is to the court's granting of plaintiffs' motion for summary judgment. No other

alleged error of the superior court is pointed out, as required by CAROA 43.[5]

■ Without becoming too immersed in the technicalities of our court rules and looking to the merits of defendants' argument, it is limited to contending first that the quitclaim deed,[6] of which Raabes complain, although defective on its face is valid as between the parties. No authority is cited in support of this assertion. In such circumstance, we are not required to search for authority, and the argument will not be considered. *B. & B. Farms, Inc. v. Matlock's Fruit Farms, Inc.,* 73 Wn.2d 146, 437 P.2d 178 (1968).

Secondly, defendants say the statement in plaintiffs' affidavit, that Walter Coy's former attorney had disclaimed in open court his interest in the subject property, was given without authority, so that there is a factual question regarding his disclaimer of interest. This question is answered in *Graham v. Raabe,* 62 Wn.2d at 755, and will not be discussed here.

■■ The only other argument presented is that Coys have denied plaintiffs' allegations, and an issue of fact remains to be resolved. They neglect to point to any specific issue or fact or to tell us what facts, if any, are in dispute. It is elementary that the moving party has the burden of showing that there is no genuine issue of material fact on each theory of liability. *Preston v. Duncan,* 55 Wn.2d 678, 349 P.2d 605 (1960). When Raabes did this by affidavits, pleadings, depositions, and prior decisions, Coys cannot rely upon their bare allegations of denial to carry them to trial. This is not sufficient. They must set forth specific facts showing that there is a genuine issue for trial, and if they do not respond by a showing of evidence, summary judg-

[5]CAROA 43 states in part, "No alleged error of the superior court will be considered, unless the same be definitely pointed out in the 'assignments of error' in appellant's brief."

[6]It is undisputed that the purported quitclaim deed from Gary Guy Coy to Walter Coy had no acknowledgment of the grantor and only consisted of a letter signed by Gary Guy Coy pasted onto a form quitclaim deed above the legal description of the Hi-Line Theatre property.

ment follows: *W. G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 438 P.2d 867 (1968).[7] Defendants Coy have failed to call attention to any material issue of fact for determination by the trier of the facts, nor does our examination of the affidavits and pleadings reveal any.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.

Petition for rehearing denied April 28, 1970.

---

[7]The other deeds mentioned in the affidavits and in oral argument were properly excluded from consideration by the trial court. CR 56(e); *Loss v. DeBord,* 67 Wn.2d 318, 407 P.2d 421 (1965). The summary judgment stated in part:

> The affidavit dated June 26, 1968, and purported attachments filed herein on behalf of the defendant Walter T. Coy, and asserting a deed dated August 21, 1955, from Frank McClellan to Walter T. Graham, and a deed purportedly dated June 5, 1968, from Graham to Walter T. Coy does not meet the requirements specified by the rules and law for admission to the summary judgment proceeding. No original of the purported quit claim deed dated August 21, 1955, has been produced, offered, or explained. Neither has the purported quit claim deed of June 5, 1968.