[No. 410-1.    Division One—Panel 2.    June 28, 1971.]

PAUL DE ST. ROMAINE, *Appellant,* v. THE CITY OF SEATTLE
*et al., Respondents.*

*Roderick D. Dimoff,* for appellant.

*Guttormsen, Scholfield, Willits & Ager* and *Douglas K. Haughton,* for respondents.

SWANSON, J.—Paul de St. Romaine, a well-educated Nepalese and a professional engineer, brought suit against the City of Seattle for false arrest which allegedly occurred on September 25, 1967. The trial was held on November 18, 1969, more than 2 years after the incident. The plaintiff, appearing pro se, sought to introduce written exhibits which the trial court denied. The trial judge then instructed him that he could give an oral narration of what happened but plaintiff indicated he could not proceed without the exhibits first being admitted. The trial court treated this refusal to proceed as, first, a motion to continue, but denied it after hearing from defense counsel; and second, a

request for voluntary nonsuit. The trial court explained to him that if the nonsuit was granted, the statute of limitations would probably bar any further action by him. Plaintiff de St. Romaine asked what his options were, whereupon the trial court explained he could either proceed with his case as a witness or take a voluntary nonsuit. When the plaintiff refused to go on, the court granted a voluntary nonsuit. Plaintiff de St. Romaine appeals.

The main thrust of the appeal is directed to the trial court's refusal to grant a continuance which resulted in an order dismissing the complaint. It should first be mentioned that appellant chose to represent himself—from drafting his own complaint, to trying the case in municipal and superior courts. He assumed the responsibility of presenting admissible evidence to substantiate the allegations of his claim. Appellant's counsel on appeal argues to us that the trial court should have granted him a continuance to obtain an attorney. However, a denial of a motion to continue will be reversed only if there has been a manifest abuse of discretion. *Peterson v. David*, 69 Wn.2d 566, 419 P.2d 138 (1966). When considering the facts of this case—that the appellant had over 2 years in which to secure an attorney; that he drafted his own complaint and represented himself in municipal court as well as in the superior court—the trial court did not abuse its discretion in denying appellant's request for a continuance. Good cause for a continuance was not shown. See CR 40(d).

Appellant next asserts that the trial court erred in granting a voluntary nonsuit, especially in view of the potential significance the statute of limitations would have on his action after granting the nonsuit. However, RCW 4.56.120(4) allows the trial court to render upon its own motion a judgment of nonsuit when the plaintiff abandons his case before its final submission. Despite repeated requests by the trial court to proceed, coupled with suggestions that he could take the witness stand and testify, it is apparent from the record that de St. Romaine was determined not to proceed with his case. Such conduct is tanta-

mount to abandonment. Although the trial court did grant a voluntary nonsuit rather than a nonsuit on the basis of abandonment, the trial court's decision will be upheld on appeal. *Lundgren v. Kieren*, 64 Wn.2d 672, 677, 393 P.2d 625 (1964).

Appellant's fourth assignment of error has no supporting citations and is not meritorious on its face; thus, it will not be considered. *Raabe v. Coy*, 2 Wn. App. 161, 467 P.2d 326 (1970).

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.