[No. 1281-2.    Division Two.    June 27, 1975.]

WARD MELBY, *Respondent*, v. HAWKINS PONTIAC, INC., *Appellant.*

*Allan L. Overland,* for appellant.

*R. L. Peters* and *Peters & Tracy,* for respondent.

PEARSON, J.—Plaintiff Melby purchased a new Maserati Ghibli from defendant Hawkins Pontiac, Inc., and made a $4,500 cash down payment on the $22,750 purchase price of the automobile. Melby was able to drive the vehicle only 6 days before it become necessary for him to turn it over to the defendant for repairs, which were of indefinite duration. After waiting several months for the repair of his automobile, Melby filed suit. A summary judgment was entered in favor of the plaintiff; Hawkins Pontiac appeals.

The sequence of prejudgment events relevant to this appeal is as follows. Melby purchased the Maserati from the defendant on January 25, 1973. Five days later he returned the car to the defendant for maintenance work. The vehicle was returned to Melby on February 11, 1973. The next day Melby noticed that the oil pressure was low; he again delivered the automobile to Hawkins Pontiac for repair. On May 31, 1973, Melby filed an unverified complaint for damages arising from breach of warranty. Defendant filed an answer denying the substance of Melby's complaint, and as an affirmative defense alleged that the mechanical difficulties with the car were caused by plaintiff's neglect and misuse.

On July 18, 1973, plaintiff served defendant with requests for admissions which were not answered within the 20-day period prescribed in CR 36, but which were answered on September 18.

Plaintiff moved for summary judgment on September 12, 1973; a hearsay affidavit of plaintiff's counsel, verifying and detailing the complaint, accompanied the motion. On September 24, the date of the hearing on the motion, defendant filed opposing affidavits which essentially stated that: (1) plaintiff was advised at the time of purchase to break the

car in gently; (2) plaintiff's misuse of the vehicle is evidenced by the fact that during the 6-day period in which plaintiff had possession of the car he drove it 1,558 miles; (3) at the time of purchase, plaintiff was advised that the automobile was handmade and hand tooled, making parts difficult to obtain, and plaintiff was further advised that warranty work was a possibility; (4) the crankcase was sent out for repair on plaintiff's order; (5) plaintiff never advised the defendant that he no longer wanted the car; and (6) the summons was ambiguous.

On September 24, 1973, the trial court ruled in favor of the plaintiff on the issue of liability; three hearings on damages and setoff were subsequently held. A written order granting plaintiff rescission of the purchase contract and restitution of amounts paid pursuant to it was entered on November 12, 1973.

■ The trial court relied on *Berg v. Stromme*, 79 Wn.2d 184, 484 P.2d 380 (1971) in reaching its decision.[1] That case held that a new automobile is impliedly warranted to perform with reasonable efficiency, safety and comfort, and that a buyer may have an action for rescission or damages if he is forced to go for an extended period of time without the use of his automobile because of repair work being done to it. *See* RCW 62A.2-314; RCW 62A.2-315. It seems, however, that whether or not the length of time necessary for repairs is reasonable depends upon the facts and circumstances of the case. Moreover, repairs necessitated by customer misuse would be a defense to an action for breach of warranty.

Defendant's first argument on appeal is that a genuine issue of fact was raised as to both customer misuse and the reasonableness of the delay, thus foreclosing summary judgment under CR 56. Defendant contends further that

---

[1] *Berg v. Stromme*, 79 Wn.2d 184, 484 P.2d 380 (1971) arose under the since-repealed Uniform Sales Act, RCW 63.04.160. Repealed, Laws of 1965, 1st Ex. Sess., ch. 157, § 10-102(1)(a)(xii), p. 2590, effective June 30, 1967. The reasoning in *Berg v. Stromme* is equally applicable to RCW 62A.2-314 and RCW 62A.2-315 (of the Uniform Commercial Code) which is the governing law in this case.

the trial court should not have considered plaintiff's unverified complaint and the hearsay affidavit of his counsel in ruling on the motion. *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 431 P.2d 216 (1967); *Carlson v. Milbrad*, 68 Wn.2d 847, 415 P.2d 1020 (1966); *Loss v. DeBord*, 67 Wn.2d 318, 407 P.2d 421 (1965). Although this latter contention is correct, we do not agree that summary judgment was improper in this case. The plaintiff may still rely on the admissions from the defendant in support of his motion. The plaintiff's requests for admissions, because they were not timely answered, must be treated as admitted. CR 36. (Contrary to defendant's suggestion, there is nothing in the record indicating that its failure to timely respond to the requests for admissions was induced or otherwise waived by the plaintiff. Nor is this a case for the rule to be disregarded, as was done in *Coleman v. Altman*, 7 Wn. App. 80, 497 P.2d 1338 (1972).)

Turning to the substance of the admissions, we find that of critical importance is plaintiff's request number 4, which stated:

> That at the time the vehicle was sold to Melby, the motor was defective in that, among other things, the oil pressure gauge indicated a low oil pressure.

If this statement is treated as true, then it precludes any finding that the difficulty arose after purchase because of plaintiff's misuse of the automobile. Even aside from this admission, we do not believe that defendant raised a genuine issue of fact in its affidavits as to customer misuse. The affidavits merely allege that plaintiff was advised to break the car in gently and that he drove the car 1,558 miles in 6 days. The affidavits present no basis for the supposition that plaintiff drove the car at an excessive rate of speed, or that driving it long distances was harmful.

■ Significant to the question of reasonableness in delay in repairs are plaintiff's admission requests numbers 7 and 10:

> (7) That the car was returned to Hawkins Pontiac on the 12th day of February, 1973, for necessary engine work;

that on the 11th of July, 1973, the said engine has still not been reassembled, and the car was still in an inoperable condition.

. . .

(10) That on February 17, 1973, the defendant, Tom Hawkins, individually, advised the plaintiff that the car would be repaired no later than March 17, 1973.

These admissions provide a sufficient basis for the trial court's conclusion that, as a matter of law, the delay in repairs was unreasonable. In *Berg v. Stromme, supra,* the court held that it is unreasonable for a new automobile to be in a garage for repairs for 45 days out of the first year of ownership. In the instant case, plaintiff had use of his new automobile for only 6 of the first 197 days of ownership. Even conceding the uniqueness of this automobile, the amount of time spent repairing it was likewise unreasonable.

Defendant's second assignment of error on appeal is that rescission was not a proper remedy in this case because plaintiff elected his remedy by asking for damages only. The election of remedies doctrine provides that if two or more remedies exist which are repugnant and inconsistent with one another, a party will be bound if he has chosen one of them. *Lange v. Woodway,* 79 Wn.2d 45, 483 P.2d 116 (1971); *Labor Hall Ass'n v. Danielsen,* 24 Wn.2d 75, 163 P.2d 167, 161 A.L.R. 1079 (1945). Affirmance of the contract and a demand for damages has been held inconsistent with a disaffirmance of the contract and a prayer for rescission. *Labor Hall Ass'n v. Danielsen, supra.* Some courts have held that the commencement of the action is in itself an election and is a bar to a later amendment of the complaint which would ask for a different remedy. Other courts have rejected this view. D. Dobbs, *Law of Remedies* § 1.5 n.24 (1973).

More recent Washington decisions have looked askance at the sometimes harsh application of the election of remedies doctrine. *See, e.g., Lange v. Woodway, supra; Barber v. Rochester,* 52 Wn.2d 691, 328 P.2d 711 (1958). A liberal

treatment is desirable for two reasons: First, because the doctrine was created solely to prevent a plaintiff from having a double recovery, a harsh application is often not necessary for the furtherance of this purpose; and second, the doctrine as sometimes applied is inconsistent with modern rules of pleading, such as CR 8(a) (which allows demands for alternative relief) and CR 15(b) (which allows amendments to the pleadings to conform to the evidence). However, the doctrine should not be ignored when the defendant has relied to his detriment on plaintiff's prayer for relief or has been otherwise prejudiced by plaintiff's actions. *Cf. Pedrini v. Mid-City Trailer Depot, Inc.,* 1 Wn. App. 56, 459 P.2d 76 (1969). *See* D. Dobbs, *Law of Remedies, supra.*

The instant case involves the sale of goods, and therefore is governed by the provisions of the Uniform Commercial Code, RCW 62A.2. Significantly, an official comment to RCW 62A.2-703 (seller's remedies) states:

> This Article rejects any doctrine of election of remedy as a fundamental policy and thus the remedies are essentially cumulative in nature and include all of the available remedies for breach. Whether the pursuit of one remedy bars another depends entirely on the facts of the individual case.

Official Comment 1, RCWA 62A.2-703. RCW 62A.2-711 allows the buyer to cancel, and whether or not he had done so he may recover amounts paid and obtain damages.

██ In view of the above analysis of the election of remedies doctrine and the official commentary to the Uniform Commercial Code, we hold that in cases involving the sale of goods, the election of remedies doctrine is no bar to the pursuit of alternate remedies so long as the plaintiff would not have a double recovery and the defendant is not seriously prejudiced thereby.

We do not believe that the defendant could have been misled by plaintiff's complaint. The prayer for relief requested damages in the amount of $22,750—in other words, it requested restitution of the purchase price of the auto-

mobile and, a fortiori, rescission. Further, we have not seen any other evidence indicating defendant was prejudiced by a judgment of rescission as opposed to damages. Hence, we conclude that the judgment of rescission and restitution was proper.

Finally, defendant contends that the trial court lacked jurisdiction over its person because of insufficiency of process and service of process, and the court erred when it did not allow the defendant to argue this issue at the summary judgment hearing. Unfortunately, defendant forgot to argue the matter at the first hearing. Defendant did not raise the issue until the second hearing—after liability was determined. But even if the trial court had allowed defendant to argue the matter, there was nothing in the record upon which it could find that defendant was improperly served. The summons and affidavits of service which were before the court at that time appear regular on their face, and standing alone, they could not overcome the plaintiff's motion for summary judgment.

Judgment affirmed.

ARMSTRONG, C.J., and PETRIE, J., concur.

Petition for rehearing denied August 13, 1975.