[No. 6811–3–I.   Division One.   December 31, 1979.]

KENNETH TALLMADGE, *Respondent*, v. AURORA CHRYSLER PLYMOUTH, INC., *Appellant*.

*Robert L. Butler,* for appellant.

*Eleanor Edwards,* for respondent.

JAMES, J.—Aurora Chrysler Plymouth, Inc., appeals and Kenneth Tallmadge cross–appeals from a judgment awarding Tallmadge $920 in attorney's fees in his action for restitution and damages because of an alleged breach of warranty of merchantability and a violation of the Consumer Protection Act.

Tallmadge went to Aurora Chrysler to purchase a new car in response to an advertisement stating: "Brand New 1977 Chrysler New Yorker, Sr. #146982, this one only $6688." He purchased an automobile which he believed to be the one in the advertisement, but later learned that it had a different serial number, the paint on the passenger door and rear panel did not match and was missing a pinstripe, and the transmission was defective. He returned the automobile to Aurora Chrysler for repairs, and when they were not timely completed he demanded his money back or a replacement automobile. The vehicle was not repaired until after Tallmadge commenced this lawsuit.

Following a bench trial, the trial judge found that:

There was no breach of implied warranty of a new car in that [Tallmadge] did receive a car that had not been used and the defects were repairable.

Finding of fact No. 9.

The length of the time [Aurora Chrysler] used to repair the automobile was not unreasonable in view of the strike and fire it experienced.

Finding of fact No. 10.

The act of [Aurora Chrysler] in advertising a specific car to the public and selling [Tallmadge] a different vehicle unknown to [him] is an unfair conduct of trade under RCW 19.89.020 [sic]. However, there is no evidence that [Tallmadge] sustained any damage by this conduct in that there is no evidence of the condition of the vehicle advertised and the defects in the car received . . . have been corrected.

Finding of fact No. 11.

Aurora Chrysler's first contention is that findings of fact Nos. 2, 4, 5, 6, 8, 11 and 12 are not supported by substantial evidence. We do not agree.

■ Tallmadge and his wife both testified concerning their response to the advertisement and their actions in returning the automobile because of a defective paint job and transmission. Although the evidence is conflicting, there is substantial evidence that when Tallmadge responded to the advertisement and inquired about the

specific automobile listed, a salesman sold him a different automobile which had been repaired prior to sale. Since the findings are supported by substantial evidence, we cannot substitute our judgment for that of the trial judge. *Dempsey v. Joe Pignataro Chevrolet, Inc.*, 22 Wn. App. 384, 589 P.2d 1265 (1979).

Aurora Chrysler's next contention is that the trial judge erred in finding that it violated the Consumer Protection Act because of unfair and deceptive acts or practices.

RCW 19.86.020 declares "unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful. The act is to be liberally construed, *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978), and an intent to deceive or defraud is not necessary. *Fisher v. World–Wide Trophy Outfitters*, 15 Wn. App. 742, 551 P.2d 1398 (1976). A claimant need not prove reliance or deceptive misrepresentation but only that the actions have a tendency or capacity to deceive a substantial portion of the public. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 553 P.2d 423 (1976); *Testo v. Russ Dunmire Oldsmobile, Inc.*, 16 Wn. App. 39, 554 P.2d 349, 83 A.L.R.3d 680 (1976).

Here, Tallmadge went to Aurora Chrysler in response to an advertisement for the sale of a "brand new" automobile. He purchased an automobile believing it to be brand new, but later learned that it had been damaged and repainted. As in *Testo v. Russ Dunmire Oldsmobile, Inc., supra* at 51: "Failure to reveal a fact which the seller is in good faith bound to disclose may generally be classified as an unfair or deceptive act due to its inherent capacity to deceive . . ." We hold that the act of advertising to the public the sale of a new car, but selling one that has been repaired and repainted, is an unfair and deceptive act.

Aurora Chrysler next contends that it was error to award attorney's fees under the Consumer Protection Act because of the finding that Tallmadge had sustained no actual damages. We do not agree. Although the trial judge did not award Tallmadge pecuniary damages, the record

indicates that he suffered injuries for purposes of the Consumer Protection Act in that he was inconvenienced, deprived of the use and enjoyment of his property, and received an automobile with defects needing repair. The trial judge did not err in awarding attorney's fees.

In his cross appeal, Tallmadge first contends that the trial judge erred in finding that there was no breach of an implied warranty of merchantability. We do not agree.

Under RCW 62A.2-314(2):

> (2) Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; . . .
>
> . . .
>
> (c) are fit for the ordinary purposes for which such goods are used; . . .

The term "merchantable" is not synonymous with "perfect," J. White & R. Summers, *Uniform Commercial Code* § 9–7, at 295 (1972), and the question of whether a good is merchantable depends on the particular facts of the case. Annot., 83 A.L.R.3d 694 (1978). *Hardman v. Helene Curtis Indus., Inc.*, 48 Ill. App. 2d 42, 198 N.E.2d 681 (1964). Here, the trial judge could find that since the defects were minor and could be repaired, the automobile was merchantable.

Tallmadge also contends that the trial judge erred in denying rescission because of the length of time Aurora Chrysler took to repair the automobile. We do not agree.

Although in certain circumstances a buyer may "rescind" or "revoke acceptance" under RCW 62A.2–608, "whether or not the length of time necessary for repairs is reasonable depends upon the facts and circumstances of the case." *Melby v. Hawkins Pontiac, Inc.*, 13 Wn. App. 745, 747, 537 P.2d 807 (1975); *Berg v. Stromme*, 79 Wn.2d 184, 484 P.2d 380 (1971). Here, the delay was caused by a mechanics' strike and fire in the repair shop. The trial judge could find that under these circumstances the delay was reasonable.

Affirmed.

CALLOW, C.J., and DORE, J., concur.