**Paul SUMINSKI**

v.

**MAINE APPLIANCE WAREHOUSE, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1991.
Decided Feb. 27, 1992.

June Zellers, Skelton, Taintor & Abbott, Auburn, for plaintiff.

Anthony Ferguson, Fales & Fales, Lewiston, for defendant.

James A. McKenna, Asst. Atty. Gen., Augusta, amicus curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendant Maine Appliance Warehouse, Inc. appeals from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) affirming the judgment of the District Court (Lewiston, *Beliveau, J.*) in favor of the plaintiff Paul Suminski. The District Court held that Maine Appliance breached the implied warranty of merchantability under the Maine Uniform Commercial Code (U.C.C.), 11 M.R.S.A. § 2–314 (1964), when it sold Suminski a defective television set for $713.97 and that Maine Appliance's conduct amounted to a violation of the Maine Unfair Trade Practices Act (UTPA), 5 M.R.S.A. §§ 205–A—214 (1989). The District Court ordered that Maine Appliance fully reimburse Suminski and pay $1,000 in attorney fees. Maine Appliance contends *inter alia* that the Dis-

trict Court erred in finding a violation of the UTPA and that the evidence was insufficient to prove a breach of the implied warranty of merchantability. Although we reject the first contention, we agree with the second and vacate the judgment.

Suminski purchased a brand new television set from Maine Appliance in May 1988. In June 1989 the set began to turn off by itself, although the picture would come on when the plaintiff turned the set off and on. Suminski called Maine Appliance and was told that his set was out of warranty, but was given the name of a repairperson. Suminksi called the repairperson who requested that he look for someone else to repair the set. About two months later, the set did not turn on at all. Suminski called again to Maine Appliance, and a salesperson repeated that the set was out of warranty and that Suminski would have to talk to the sales manager for any further assistance. Suminski requested that the manager call him the next morning. After not hearing back the next morning, Suminski called in the afternoon and spoke with manager Ray Picard. Picard stated that Maine Appliance's only obligation was to provide the name of a repairperson and that the store would charge Suminski for any work that it might do on the set.

Suminski then contacted attorney Stephen Wade who telephoned Picard. Picard repeated his assertion that the express warranty was the store's only obligation to Suminski, although he offered to give the name of a repairperson. Picard stated that Suminski was not being treated differently than any other Maine Appliance customer. In addition, Picard stated that he had been in the electronics business for a long time and had never heard of an implied warranty of merchantability. When Wade requested that Picard contact his attorney to confirm the existence of the implied warranty of merchantability, Picard abruptly hung up.

Suminski brought suit against Maine Appliance for a breach of the implied warranty of merchantability and violation of the

UTPA. After the trial, the District Court found that Maine Appliance had breached the implied warranty of merchantability and violated the UTPA. The Superior Court affirmed the judgment of the District Court but denied Suminski's motion for attorney fees on appeal. Maine Appliance now appeals, and Suminski cross-appeals, from the Superior Court rulings. Suminski also requests attorney fees for this appeal.

■■■■■ Maine Appliance contends that, because no exclusion or modification of an implied warranty was made at the time of sale, the District Court erred in finding a violation of the UTPA, citing *State ex rel. Tierney v. Ford Motor Co.*, 436 A.2d 866, 873 (Me.1981). We disagree. Although we stated in *Ford Motor* that a violation of the statutory warranties, such as the implied warranty of merchantability, is not a *per se* violation of the UTPA, we stressed "that given the proper circumstances a defendant's failure to honor the statutory warranties may well be evidence of a violation of the UTPA." *Id.* To trigger the UTPA, we require more than a mere failure to honor the statutory warranty. The defendant's conduct must be unfair or deceptive. *Id.* at 874.

■■■ In this case, the court could find that Maine Appliance continually refused to take responsibility for repairing the television set once the express warranty had expired and that the sales manager even denied the existence of Maine's implied warranty of merchantability. Suminski testified that he was told by a salesperson and by Picard that all Maine Appliance was required to do was to provide Suminski with the name of a repairperson. Moreover, there was evidence that this conduct was consistent with the regular practices of Maine Appliance. The District Court rationally could find that the practice of Maine Appliance involved such unfair or deceptive behavior that it violated the UTPA. *Id.* (citing 29 Fed.Reg. 8355 (1964)).[1]

---

1. We note that the UTPA states that courts are to     be guided by the interpretations given by the

Fatal to Suminski's claim, however, is his failure to establish a breach of the implied warranty of merchantability. Maine's version of Article 2 of the U.C.C. provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 11 M.R.S.A. § 2-314(1) (1964). The District Court concluded that the television set bought by Suminski "was not fit for the ordinary purposes for which such goods are used," and, therefore, was not merchantable under 11 M.R.S.A. 314(2)(c). On appeal, we view the evidence of a breach of the implied warranty of merchantability, together with all justifiable inferences drawn therefrom, in the light most favorable to the plaintiff. *See Sylvain v. Masonite Corp.,* 471 A.2d 1039, 1041 (Me.1984).

The District Court heard evidence that Suminski bought a new expensive television set which began to turn off automatically after thirteen months. No evidence was presented concerning the specific defect in the product. In some circumstances a breach of the implied warranty of merchantability under the U.C.C. may be established by circumstantial evidence. *See e.g. A.A.A. Exteriors, Inc. v. Don Mahurin Chevrolet & Oldsmobile, Inc.,* 429 N.E.2d 975, 978 (Ind.App.1982). In the case at bar, however, the television set was in all respects satisfactory during approximately thirteen months after it was purchased. For all that appears in the record, the malfunction at that time may have resulted from a defective switch, repairable at a small cost. We conclude that the sale of a major appliance with a switch that fails more than a year later cannot support a finding that the entire appliance was unmerchantable when sold. To use an automotive example, an unmerchantable battery may not render an entire vehicle unmerchantable. *Cf. Tallmadge v. Aurora Chrysler Plymouth, Inc.,* 25 Wash.App. 90, 605 P.2d 1275, 1278 (1979); *Tracy v. Vinton Motors, Inc.,* 130 Vt. 512, 296 A.2d 269, 272 (1972).

We need not discuss any other issue raised by Maine Appliance nor Suminski's cross-appeal for attorney fees.

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to remand to the District Court for entry of judgment for the defendant.

All concurring.

---

Federal Trade Commission (FTC) and the federal courts in determining what constitutes an unfair or deceptive act. 5 M.R.S.A. § 207(1) (1989). The FTC promulgated a policy statement in 1980 directed at unjustified consumer injury that the courts have attempted to apply:

> To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must

be an injury that consumers themselves could not reasonably have avoided.

*See* Letter from Federal Trade Commission to Senators Ford and Danforth (Dec. 17, 1980), *reprinted in* H.R.Rep. No. 156, Pt. 1, 98th Cong., 1st Sess., at 36; *see also, e.g., American Financial Services v. F.T.C.,* 767 F.2d 957, 971 (1985). We are satisfied that the injury to consumers caused by Maine Appliance's practices satisfies the FTC standard.